IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL A. LANDINGHAM,                           2:13-CV-00532-BR

        Plaintiff,                         OPINION AND ORDER

v.

COLETTE PETERS, Director;
STEVE SHELTON, Medical
Director; WILLIAM HOEFEL,
Health Services Director;
DR. NORTON, CMO-TRCI; LINDA
GRUENWALD, ARNP-TRCI;
DR. DIEL, TLOC-DOC Member;
DR. DIGIULIO, TLOC Member;
DR. VAN HOUTEN, TLOC Member;
H. MILLER, NP, TLOC Member;
TWO RIVERS CORRECTIONAL
INSTITUTION MEDICAL STAFF (in
all); EASTERN OREGON
CORRECTIONAL INSTITUTION
MEDICAL STAFF (in all); MIKE
GOWER, Director of
Operatives; M.E. PERKINS,
R.N. TRCI; MANAGER B. WHELAN,
Nurse Manager, TRCI; MITCH
MORROW; S. FRANKE,
Superintendent TRCI,

        Defendants.

1 - OPINION AND ORDER

**PAUL A. LANDINGHAM**
#17142542
Deer Ridge Correctional Institution
3920 East Ashwood Road
Madras, OR 97741

       Plaintiff, *Pro Se*

**ELLEN ROSENBLUM**
Attorney General
**ROBERT E. SULLIVAN**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

       Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#29) for Summary Judgment. For the reasons that follow, the Court **GRANTS** Defendants' Motion.


<u>BACKGROUND</u>

On March 28, 2013, Plaintiff Paul Landingham, an inmate at Deer Ridge Correctional Institution, filed a *pro se* Complaint in this Court pursuant to 42 U.S.C. § 1983 in which he alleges Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution by denying him appropriate medical care and treatment for his preincarceration lumbar fusion, bilateral hip surgery, and history of blood clots. Specifically, Plaintiff

2 - OPINION AND ORDER

alleges Defendants (1) have denied him the use of a cane,
(2) have denied him a thick or "double mattress," (3) have failed
to provide him with an appropriate dosage of Coumadin, and
(4) have not been sufficiently responsive to his complaints of
chronic pain.

On January 13, 2014, the Court issued a Summary Judgment
Advice Notice to Plaintiff advising him that if he did not submit
evidence in opposition to Defendants' Motion for Summary
Judgment, summary judgment would be entered against him if it was
appropriate.

On February 10, 2014, Plaintiff filed a Response to
Defendants' Motion that contained three pages of argument and a
copy of his Complaint.  On March 28, 2014, Plaintiff filed a Sur-
Reply containing one page of additional factual allegations.  The
Court took this matter under advisement on March 28, 2014.


## STANDARDS

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  *See also* Fed. R.
Civ. P. 56(a).  The moving party must show the absence of a
dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*,
395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly

supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive

evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## DISCUSSION

### I.    Standards

Deliberate indifference to serious medical needs is a cognizable claim for violation of the Eighth Amendment proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). *See also Actkinson v. Vargo*, 284 F. App'x 469, 472 (9th Cir. 2008).

> To sustain [a] deliberate indifference claim, [a plaintiff must] meet the following test: "First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendant's response to the need was deliberately indifferent."

*Peralta v. Dillard*, No. 09-55907, 2013 WL 57893, at *3 (9th Cir. Jan. 7, 2013)(quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)).  To satisfy the second prong (*i.e.,* that defendant's response to the need was deliberately indifferent), a plaintiff

5 - OPINION AND ORDER

must show there was "'(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm [was] caused by the indifference.'" *Id.* (quoting *Jett*, 439 F.3d at 1096). Deliberate indifference may be established by showing that prison officials have denied, delayed, or intentionally interfered with medical treatment or it may be demonstrated by the way that prison officials have provided medical care. *Jett*, 439 F.3d at 1096.

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)(citation omitted). *See also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012)("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). In addition, "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." *Wilhelm*, 680 F.3d at 1122 (quotation omitted).

## II. Analysis

As noted, Plaintiff contends Defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by denying him the use of a cane and a double-thick mattress, by failing to provide him with

6 - OPINION AND ORDER

an appropriate dosage of Coumadin, and by being insufficiently
responsive to Plaintiff's complaints of chronic pain.

###    A.    Denial of a cane and double-thick mattress

Plaintiff alleges in his Complaint that his leg gives
out while walking due to his back and hip problems and Defendants
have improperly denied him the use of a cane and a double-thick
mattress.

Plaintiff's treating physician, Steve Shelton, M.D.,
testifies in his Declaration that Plaintiff's requests for a cane
and double-thick mattress have not been granted because there is
not any evidence of a medical reason for either of these items.
Dr. Shelton states Plaintiff "does not appear to have significant
mobility issues," and Plaintiff's "observed physical activities
do not support his claims of chronic disabling pain."  Decl. of
Steve Shelton at ¶ 6.  For example, Plaintiff's medical records
reflect Plaintiff went to sick call on March 21, 2012, and
reported serious back pain and left leg numbness that were
getting progressively worse.  Shelton Decl., Ex. 2 at 87-88.
Plaintiff, however, also reported doing upper-body stretches and
walking three miles per day.  *Id.*  Similarly, in June 2012
security staff reported Plaintiff lifted weights and walked the
track without apparent difficulty during yard time.  Shelton
Decl., Ex. 2 at 92-93.  In August 2012 medical staff observed
Plaintiff playing hacky-sack in his housing unit without pain.

7 - OPINION AND ORDER

Shelton Decl., Ex. 2 at 98.  Finally, Dr. Shelton notes there are repeated reports in Plaintiff's medical record that medical staff and others saw Plaintiff ambulating without difficulty throughout 2012 and 2013.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants have been deliberately indifferent to Plaintiff's serious medical needs by denying him a cane and a double-thick mattress.  Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Eighth Amendment.

**B.    Coumadin**

Plaintiff contends Defendants have been deliberately indifferent to his serious medical needs by failing to provide him with what he believes is a sufficient dose of Coumadin for his blood-clotting condition.

Dr. Shelton testifies in his Declaration that Plaintiff has been prescribed Coumadin since his admission to the Oregon Department of Corrections (ODOC), and Plaintiff's

> Medication Administration Records (MARs) indicate
> he receives his Coumadin daily.  Lab results show
> the international normalized ratio (INR)(measure
> of clotting tendency) level used to monitor
> Coumadin is within the standard dose range.

Shelton Decl. at ¶ 28.  Dr. Shelton's Declaration is supported by Plaintiff's medical records.  *See* Shelton Decl., Ex. 2 at 173-

8 - OPINION AND ORDER

282, 306-679.

Viewing the evidence in the light most favorable to Plaintiff, the Court finds no reasonable juror could conclude on this record that Defendants have been deliberately indifferent to Plaintiff's serious medical needs with respect to the administration of Coumadin.  Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Eighth Amendment.

**C.    Chronic pain**

Plaintiff contends Defendants have been deliberately indifferent to his serious medical needs by failing to properly address Plaintiff's complaints of chronic pain related to his lumbar fusion and bilateral hip surgery.

Dr. Shelton testifies in his Declaration that there is not any objective medical evidence to support Plaintiff's claims of severe, chronic pain.  Dr. Shelton notes Plaintiff's complaints do not correspond to the objective observations of medical staff.  Specifically Dr. Shelton notes:

> Plaintiff was seen by Health Services staff for an intake examination on November 16, 2011.  He complained that his housing unit was too far from Health Services to walk the distance three times a day to medication line due to back pain and heart problems.  He claimed the walk left him feeling like he would pass out.  A medical provider was consulted and determined there was no medical reason for a change in [Plaintiff's] housing assignment.  An appointment with a provider was scheduled.

> On November 17, 2011, [Plaintiff] was examined by
> Nurse Practitioner Linda Gruenwald, who determined
> there was no medical reason to restrict or change
> his housing assignment.  In regard to his history
> of prior back surgery, and his current complaints
> of pain, Nurse Practitioner Gruenwald requested an
> MRI of his low back.

> [Plaintiff] . . . has been observed many times
> ambulating without difficulty and demonstrated
> only a slight left leg limp when talking to
> providers about left leg pain and numbness.

Shelton Decl. at ¶¶ 12-14.

As noted, Nurse Gruenwald requested Plaintiff undergo
an MRI on November 17, 2011.  On December 2, 2011, Plaintiff
underwent an MRI, which showed Plaintiff had prior surgery on and
"fixation" of discs L5-S1, disc protrusions at L3-L4 and L4-L5
"without neural foramina compromise," and "possible nerve effect
in the lateral recess of L3-L4 and L4-L5."  Shelton Decl., Ex. 2
at 300-01.  Based on the MRI results, Nurse Gruenwald asked David
Yam, M.D., Neurosurgeon, to consult on Plaintiff's condition.

On December 27, 2011, Dr. Yam recommended Plaintiff
undergo physical therapy and epidural injections for his back
problems.  Dr. Yam, however, recommended against surgery because
"a revision and extension of [Plaintiff's] fusion will be a major
undertaking requiring extensive surgery, loss of mobility, and 6
month recovery."  Shelton Decl., Ex. 2 at 865.  Dr. Shelton
testifies in his Declaration that at the time Dr. Yam recommended
against surgery for Plaintiff, Dr. Yam did not have Plaintiff's
medical history that reflected several conditions that would

10 - OPINION AND ORDER

further increase the risk of complications from surgery:  a prior
pulmonary embolism, high blood pressure, diabetes, a weight
greater than 330 pounds, a blood-clotting condition, and cardiac
concerns.  Shelton Decl., at ¶ 17.

Plaintiff received three epidural injections in May and
June 2012, but he reported he did not feel any improvement in his
pain level.  Nevertheless, as noted, the record reflects security
and medical staff reported throughout June that Plaintiff was
able to ambulate without difficulty, lifted weights, and walked
the track.

On July 12, 2013, Dr. Shelton examined Plaintiff.  At
that time, Plaintiff expressed a desire for increased pain
medications, complained of leg and hip pain, and provided a
medical history that included pins in his legs and prior back
surgery.  Shelton Decl. at ¶ 23; Ex. 3 at 3-4.  Dr. Shelton noted
Plaintiff's leg fracture and pinning was 20 years earlier and did
not extend into Plaintiff's hip joint.  Moreover, Plaintiff
reported the pinning did not cause him pain.  *Id*.  The record
reflects Plaintiff resisted motion in all directions during his
low-back examination, and Dr. Shelton reported Plaintiff's
strength exam was "complicated by high variability in his effort
and cooperation."  *Id*.  Based on his recollection and Plaintiff's
medical records, Dr. Shelton testified:

> With multiple different forms of examination,
> passive and active, distracted and observational,

> I was unable to find any demonstrable weakness.
> He showed no evidence of being off balance
> (Rhomberg normal) and could walk heel-to-toe-
> normally.  His limp seemed to appear and
> disappear.  Overall, my opinion was low back pain
> probably of an arthritic nature, especially given
> his morning stiffness, his weight, and his prior
> surgery.

Shelton Decl. at ¶ 23.  Nevertheless, Dr. Shelton reviewed
Plaintiff's 2011 MRI and requested a second MRI for comparison.

On October 28, 2013, Plaintiff underwent a second MRI,
which showed Plaintiff's "bony alignment" at L5-S1 was unchanged,
the disc protrusion at L3-L4 was unchanged, no stenosis at L1-L2
or L2-L3, "no significant neuroforaminal stenosis at L3-L4, mild
neuroforaminal narrowing at L4-L5, and no nerve root compromise
at L4-L5."  Shelton Decl., Ex. 3 at 9-10.  Dr. Shelton testified
in his Declaration that these results showed "no progression [of
Plaintiff's condition] with perhaps even some less appearance of
nerve involvement."  Shelton Decl. at ¶ 24.

The record reflects Plaintiff was seen frequently by
medical staff and received various pain medications, x-rays,
MRIs, and steroid injections.  In addition, Plaintiff was seen by
a consulting neurosurgeon who recommended physical therapy and
epidural injections rather than surgery.

Viewing the evidence in the light most favorable to
Plaintiff, the Court finds no reasonable juror could conclude on
this record that Defendants were deliberately indifferent to
Plaintiff's serious medical needs with respect to Plaintiff's

12 - OPINION AND ORDER

chronic pain.   Plaintiff, therefore, has not established Defendants violated Plaintiff's rights under the Eighth Amendment.

Accordingly, on this record the Court grants Defendants' Motion for Summary Judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#29) for Summary Judgment and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 29th day of April, 2014.


_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER